# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBALDO PLENTYWOUNDS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT,<br><br>　　　　　　　　　　Respondent. | Case No.: 15CV2892 BEN (MDD)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis.

## MOTION TO PROCEED IN FORM PAUPERIS

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having

1  custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.
2  1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction
3  when a habeas petition fails to name a proper respondent. *See id*.

4      The warden is the typical respondent. However, "the rules following section 2254
5  do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the
6  warden of the institution in which the petitioner is incarcerated . . . or the chief officer in
7  charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254
8  advisory committee's note). If "a petitioner is in custody due to the state action he is
9  challenging, '[t]he named respondent shall be the state officer who has official custody of
10 the petitioner (for example, the warden of the prison).'" *Id*. (quoting Rule 2, 28 U.S.C.
11 foll. § 2254 advisory committee's note).

12     A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a
13 writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is
14 in custody. The actual person who is [the] custodian [of the petitioner] must be the
15 respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement
16 exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the
17 person who will produce "the body" if directed to do so by the Court. "Both the warden
18 of a California prison and the Director of Corrections for California have the power to
19 produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

20     Here, Petitioner has incorrectly named "San Diego Superior Court," as
21 Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner
22 must name the warden in charge of the state correctional facility in which Petitioner is
23 presently confined or the Director of the California Department of Corrections.
24 *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

25 **<u>FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES</u>**

26     Further, habeas petitioners who wish to challenge either their state court conviction
27 or the length of their confinement in state prison, must first exhaust state judicial
28 remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

///

///

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Upon review of the Petition, it also appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner claims that "arresting officers 'under color of law' impersonated an employee of Chase Bank . . . [and] without a warrant conducted a search of my personal safety deposit box . . . " and alleges that Chase Bank colluded to impede my 14th Amendment Due Process rights with an outside agency. . . ." (Pet. at 3-4.) Petitioner's claims are not cognizable on habeas because it they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994).

/ / /

"Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See Preiser*, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id*. at 500. In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Thus, Petitioner has not stated a cognizable federal habeas corpus claim.

## **FAILURE TO SIGN PETITION**

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has failed to sign the Petition.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis, and **DISMISSES** this case without prejudice and with leave to amend. To proceed with this case, Petitioner must, **no later than <u>March 18, 2016</u>**, file a First Amended Petition that cures the pleading deficiencies outlined in this Order. *The Clerk of Court is directed to mail Petitioner a blank First Amended Petition form together with a copy of this Order.*

IT IS SO ORDERED.

Dated: January 11, 2016

_____
Hon. Roger T. Benitez
United States District Judge